THOMAS CUMMINGS et al.

*v.*

JOHN CUMMINGS et al.

[Decided January 26th, 1910.]

C. C., by the death of his father, became seized of an estate of inheritance in fee in certain lands, and conveyed the same by quitclaim deed to his mother, the widow, for the term of her life only. The deed contained no words of inheritance. C. C. married, and died in the lifetime of his mother, the grantee, who died afterwards.—*Held*, that the fee and the inheritance remained in C. C. during his life, notwithstanding the estate in his mother for her life, and, consequently, he was seized of an estate of inheritance during coverture; therefore, his widow is entitled to dower.

---

On bill, answer and stipulation as to facts.

*Messrs. Smith & Brady,* for the complainants.

*Mr. J. I. Blair Reiley,* for the defendants.

WALKER, V. C.

This is a suit for partition in which the property has been sold and the proceeds remain to be distributed. The question before the court is whether the defendant Mary Cummings, widow of Christopher Cummings, is entitled to dower in the estate in the lands which descended to her husband upon the death of his father.

Patrick Cummings, the ancestor, died intestate, seized of the property sold, leaving Bridget Cummings, his widow, and certain children and heirs-at-law, among whom was Christopher Cummings. He joined the other children in executing a quitclaim deed to their mother, the widow, by which they released and quitclaimed unto her the lands in question during the term of her natural life. The *habendum* clause of the deed reads as follows:

"To have and to hold the said premises as before described, with the appurtenances, unto the said party of the second part, to the sole and only proper use, benefit and behoof of the said party of the second part, for and during her natural life, but after her death the same to revert to the grantors, their heirs and assigns forever."

After joining in the deed mentioned, Christopher Cummings married the defendant Mary Cummings, and died in the lifetime of his mother, who has since died. The mother and son both died before the filing of the bill.

By our act relative to dower (*Gen. Stat. p. 1275 § 1*), it is provided:

"That the widow, whether alien or not, of any person dying intestate, or otherwise, shall be endowed, for the term of her natural life, of the one full and equal third part of all lands, tenements and other real estate, whereof her husband, or any other to his use, was seized of an estate of inheritance, at any time during the coverture, to which she shall not have relinquished or released her right of dower, by deed executed and acknowledged in the manner prescribed by law for that purpose."

The question is, Was Christopher Cummings seized of an estate of inheritance in the lands mentioned during the lifetime of his mother, notwithstanding the quitclaim deed to her in which he joined? Upon the death of his father he became seized of an equal undivided one-fourth interest and estate of inheritance in fee in the premises, and it must now be decided whether he divested himself of that inheritance by executing the quitclaim deed. If so, that estate was outstanding in his mother at and during the time of his marriage and at the time of his death. The deed bargains, sells, remises, releases and quitclaims the lands to the grantee, the mother, during the term of her natural life only. The *habendum* is as above set out. There are no words of inheritance in the deed.

Notwithstanding Christopher's execution of the quitclaim deed, I think he was at all times after the death of his father until his own death, seized of a remainder in fee, which is an estate of inheritance, in the lands, and, consequently, was so seized when he married the defendant Mary Cummings after the execution of that deed.

The life estate which passed to the grantee in the quitclaim deed did not convey a fee for want of words of inheritance. Consequently, the fee and the inheritance remained in the grantors. See *Kearney* v. *Macomb, 16 N. J. Eq. (1 C. E. Gr.) 189; Trusdell* v. *Lehman, 47 N. J. Eq. (2 Dick.) 218; Melick* v. *Pidcock, 44 N. J. Eq. (17 Stew.) 525; Chancellor* v. *Bell, 45 N. J. Eq. (18 Stew.) 538.* A deed to one for life does not grant an estate in fee. *Adams* v. *Ross, 30 N. J. Law (1 Vr.) 505.* "Fee" originally signified the right of the tenant to the use of the land held of a superior, but this meaning passed into the modern signification of an estate of inheritance. *2 Bl. Comm. 106.* Inheritance is defined to be a perpetuity in lands to a man and his heirs, and the property which is inherited is called the inheritance. *Bouv. Dict. (Rawle's Revision) 1037.* An estate for life is a freehold estate not of inheritance. *Bouv. Dict. (Rawle's Revision) 692.* All freehold estates are estates of inheritance, except estates for life. *Bouv. Dict. (Rawle's Revision) 693.* An estate for life created by deed is not an estate of inheritance. *11 Am. & Eng. Encycl. L. (2d ed.) 377.*

The estate which the widow acquired by the conveyance from the heirs was an estate for life, and was less than an estate of inheritance.

In my opinion, Christopher Cummings was seized in fee of an estate of inheritance at all times during the coverture, and I will advise that his widow is entitled to dower in that estate.