Allen, J.
 

 The sole question to be determined in this controversy is whether the personal property of the intestate, John Holstein, passes to
 
 *272
 
 the plaintiffs in error, the children by another marriage of Holstein’s wife, who predeceased him, or whether the said personal property passes to and is vested in the state. It is conceded that plaintiffs in error are not entitled to the property nnder the provisions of Section 8578, General Code, as they do not fall within the classes enumerated within Section 8574, to which Section 8578 refers, and that there is no person entitled to inherit the property nnder Sections 8573, 8574 and 8575, General Code. Plaintiffs in error, however, claim that they are entitled to the property nnder the provisions of Section 8576 of the General 'Oode. This section reads as follows:
 

 “When a person dies intestate, having title or right to any real estate or inheritance, whether by descent, devise, or deed of gift from an ancestor, or acquired, and there is no person entitled to inherit it nnder the next three preceding sections, then the estate shall pass to and vest in the children of any deceased husband or husbands, wife or wives, of the intestate, whose marriage with the intestate was not annulled prior to his, her, or their death, or their legal representatives. * * * And if there are none such, then the estate shall escheat and be vested in the state of Ohio.”
 

 The claimants are the children of the former marriage of the wife of the intestate, whose marriage with the intestate was not annulled prior to her death, and their legal representatives. The question contested is whether the personal property of John Holstein passed under Section 8576 as /“real estate or inheritanoe.”'
 

 
 *273
 
 Sections 8573, 8574, 8575, 8577 and 8579 are to be construed in connection with the section above given. It will not be necessary to quote these entire sections, for the sole question before us is the meaning of the phrase “real estate or inheritance,” and the parts of those sections pertinent to the decision of that question are as follows:
 

 Section 8573: “When a person dies intestate, having title or right to any real estate or inheritance in this state, which title came to such intestate by descent, devise, or deed of gift from an ancestor, such estate shall descend and pass in parcenary to his or her kindred in the following course: * * *”
 

 Section 8574: “If the estate came not by descent, devise, or deed of gift, it shall descend and pass as follows: * * *”
 

 'Section 8575: “When a person dies intestate, having title or right to any real estate or inheritance, as provided in section eighty-five hundred and seventy-three, and leaves husband or wife, relict of himself or herself and there is no person who, under the provisions of that section, would be entitled to inherit it, or an estate therein, save and except such husband or wife, relict of such intestate, then the estate shall pass to and vest in the husband or wife of the intestate as an estate of inheritance.”
 

 Section 8577: “When the relict of a deceased husband or wife dies intestate and without issue, possessed of any real estate or personal property which came to such intestate from a former deceased husband or wife by deed of gift, devise or bequest, or under the provisions of section eighty-
 
 *274
 
 five hundred and seventy-four, then such estate, real and personal, shall pass to and vest in the children of such deceased husband, or wife, or the legal representatives of such children.”
 

 Section 8578: “When a person dies intestate and leaves personal property, it shall be distributed in the manner prescribed in section eighty-five hundred and seventy-four, as to real property which came not by descent, devise or deed of gift from an ancestor; saving, however, such right as a widow or widower may have to any part of such personal property.”
 

 Section 8579: “If there be no person living to inherit it by the provisions of this chapter, such personal property shall pass to and be vested in' the state.”
 

 The claim of the plaintiffs in error briefly stated is that the term, “real estate or inheritance,” as used in Section 8576, General Code, embraces both real estate and personal property, while counsel for the administrator maintain that the term “real estate or inheritance” as used in this section embraces only real estate and incorporeal hereditaments.
 

 The plaintiffs in error have cited us to certain decisions from other states in support of their contention. We shall not discuss these holdings, as they construe statutes different from our own, which therefore are of no assistance here. The decision of this case must be based upon our own statutes.
 

 If this problem were to be decided simply upon a reading of the statute, it would not be difficult to solve it, for Section 8576 bears upon its face
 
 *275
 
 the marks of an enactment relating to real property only. In the first place, the word “inheritance”, in its technical meaning does not include personal property.
 

 “At common law, when one spoke of ‘inheritance’ or ‘inheriting,’ he referred to real property, title to be on the death of the ancestor vested in the heirs, and it means real property now exclusively when it is used in its legal technical meaning. Title to personal property of the ancestor did not vest in the heirs, but went to the personal representative of the decedent, viz., his administrator, and was by him administered, and distributive shares were by him apportioned among the heirs of the decedent.” 2 "Words and Phrases, Second Series, p. 1071. Citing
 
 Berry
 
 v. Powell, 47 Tex. Civ. App., 599, 105 S. W., 345-347;
 
 Cummings
 
 v.
 
 Cummings,
 
 76 N. J. Eq., 568, 75 A., 210.
 

 “Inheritance” as defined in Bouvier’s Law Dictionary is as follows: “A perpetuity in lands to a man and his heirs,” and the property which is inherited is called “inheritance.” Bingham on Descent, page 297, makes the following statement:
 

 “Every other species of property (speaking of hereditaments) whether chattels or choses in action, pass to the personal representatives of the deceased, and the proceeds alone come to the heirs. And when we search for the foundation upon which this distinction rests, we find now, as it was in the feudal law, that the estate in fee in land descends to the heir, because the right thereto depends upon the grant or lease which created the estate, and the heir succeeds because he is one of the nominees of the contract; while no
 
 *276
 
 other kind of property is based upon a like contract.”
 

 After having described the property which is the subject of ¡Section 8576 as being real estate, in the words “real estate or inheritance,” the section proceeds to further describe the property in these words, “whether by descent, devise, or deed of gift from an ancestor.” These words all relate to real property. The words “or acquired” follow, and these words are equally capable of relating to real property; that is, real property is and can be acquired. The word “inherit” is next used, which in its technical sense relates only to real estate. Moreover, in the final sentence of the section these words are used: “If there are none such, then the estate shall escheat and be vested in the state of Ohio.”
 

 Now, “escheat” is an accidental reverting of lands to the original lord. As defined by Blackstone, 2 Com., 244, “escheat” is an “obstruction of the course of descent, and a consequent determination of the tenure by some unforeseen contingency, in which case the land naturally results back, by a kind of reversion to the original grantor or lord of the fee.” It is true that in the United States the term “escheat” is sometimes used of all rights of property of whatever nature, and is not always used in the sense of reversion of real property alone. However, it is significant that the Legislature of Ohio, when enacting a provision dealing with the reversion of personal property to the state, did not use the word “escheat.” It said, “If there be no person living to inherit it * * * such personal property shall pass to
 
 *277
 
 and. be vested in the state.” Section 8579, General Code.
 

 The history of Section 8576 and of the phrase “real estate or inheritance” is also illuminating in this connection, and shows that that section covers real property only.
 

 Among the first words of the opening paragraph of the act of February 22, 1805, were these, “any person having title to any real estate
 
 of
 
 inheritance.” 1 Chase Statutes, p. 515.
 

 The same phrase is used in the Act of March 14, 1853, 51 Ohio Laws, at page 499', “having title or right to any real estate of inheritance.” In the act of March 14, 1853, as amended April 17, 1857, 54 Ohio Laws, p. 194, 1 S. & C., at page 501, the words “real estate or inheritance” are used and this phrase has been repeated, containing the word “or” in every version of the Descent Act since that time. In
 
 Brow.er
 
 v.
 
 Hunt,
 
 18 Ohio St., 311, at page 337, this court quotes the first section of the statute as follows:
 

 “Section 1. That when any person shall die intestate, having title or right to any real estate or [of] inheritance.”
 

 It is evident that the Supreme Court in
 
 Brower
 
 v.
 
 Hunt, supra,
 
 considered that the word “or” in the phrase “real estate or inheritance” was a typographical error and that it should have been “of.” If, as a matter of fact, the phrase were “real estáte of inheritance,” there could be no question as to the fact that Section 8576 covered real estate only.
 

 Even more convincing is the following fact: As originally enacted as part of a further amendment
 
 *278
 
 to the Act of March 14, 1853, found in volume 59 of the Laws of Ohio, page 50, Section 8576 was the last half of amended Section 3 of the act. The entire amended section reads:
 

 “Sec. 3. When any person shall die intestate, having title or right to any
 
 real estate or inheritance
 
 as provided in the first section of this act, and shall leave husband or wife, relict of himself or herself) and there shall be no person who, under the provisions of that section, would be entitled to inherit the same, or an estate therein, save and except such husband or wife, relict of such intestate, then the estate shall pass to and vest in the husband or. wife, relict of the intestate,
 
 as an estate of inheritance;
 
 and if there be no such person, and no husband or wife, relict of the intestate, then the estate shall pass to and vest in the next of kin of the intestate, though not of the blood of the ancestor from whom the estate came. And when any person shall die intestate, having title or right to any
 
 real estate or inheritance,
 
 whether by descent, devise, or deed of gift, from any ancestor, or acquired, and there shall be no person entitled to inherit the same under the first or second sections of this act, or as hereinbefore provided, then the estate shall pass to and vest in the children of any deceased husband or husbands, wife or wives, of the intestate, whose marriage with the intestate shall not have been annulled prior to his, her, or their death, or their legal representatives; if there be no children, nor their legal representatives, living, then the estate shall pass to the brothers and sisters of any such husband or wife, or their legal representatives; if
 
 *279
 
 there he no brothers or sisters, nor their legal representatives, the estate shall pass to the next of kin of snch intestate; and if there be none snch, then the estate shall escheat and be vested in the state of Ohio.”
 

 It will be observed that the first sentence in this amended Section 3 relates to the case where a person dies intestate, having title or right to any real estate or inheritance, and leaves husband or wife, relict of himself. This part of the enactment is now embodied in Section 8575, G-eneraL Code. In addition to using the words “real estate or inheritance” the first portion of this amended Section 3, in volume
 
 59
 
 Ohio Laws, provided, and the statute so provides in its present form, that the estate shall pass to and vest in the husband or wife “as an estate of inheritance.” There can be no question that the words “real estate or inheritance” as used in the first sentence of Section 3 of the amendment (Section 8575, General Code) mean exactly the same thing as the words “real estate or inheritance” as used in the second sentence of that section (iS'ection 8576, General Code). In the first sentence of amended Section 3 it was made specific that the term “real estate or inheritance” related only to real property and not to personal property, by the provision that the estate should vest “as an estate of inheritance.” These words also make it evident that exactly the same meaning, namely, real property only, attached to the phrase “real estate or inheritance” in the second sentence of the section. The codifiers separated these two sentences and made them separate Code sections, but that separation in
 
 *280
 
 no way changed the basic meaning of the phrase “real estate or inheritance.” As enacted in volume 59 Ohio Laws, “real estate or inheritance” meant real property only, and that meaning still attaches to the section in its present form.
 

 Moreover, Section 8576 refers to Sections 8573, 8574 and 8575. Section 8573 uses the same words, “real estate or inheritance,” and in addition to describing the real estate covered by that section as real property which came to the intestate, “by descent, devise, or deed of gift from an ancestor,” words applicable only to real property, Section 8573 says “such estate shall descend and pass in parcenary.” Now, the word “parcenary” is never used except as relating to real estate. As defined by Bouvier, “parcenary” is “the state or condition of holding title to lands jointly as parceners, before the common inheritance has been divided.” The use of this word is extremely significant. In Section 8573, which, just as Section 8576, uses the term “real estate or inheritance,” the fact that the estate is said to pass in parcenary shows that only real estate could be covered by the term “real estate or inheritance.”
 

 The words “descent, devise, or deed of gift” in Section 8574 indicate the same meaning. It is true that in Section 8579 the word “inherit” is used of personal property, but this fact has small weight in view of the words “pass as an estate of inheritance” in the original statute.
 

 Moreover, 'Section 8578 singles out personal property and distinguishes it from real estate. Sections 8573, 8574, 8575, and 8576, which were part of the original enactment, together with Sec
 
 *281
 
 tion 8578 in its original form, all deal with “real estate or inheritance;” Section 8577 deals with “real estate or personal property,” and Section 8578 deals with “personal property.”
 

 Since the Legislature specifically deals with “personal property” in Section 8578, is it not an irresistible conclusion that the Legislature did not mean the phrase “real estate or inheritance” in the sense of real and personal property?
 

 Section 8577, General 'Code, provides:
 

 “When the relict of a deceased husband or wife dies intestate and without issue, possessed of any real estate or personal property which came to such intestate from a former deceased husband or wife by deed of gift, devise or bequest, or under the provisions of Section 8574, then such estate, real and personal, shall pass to and vest in the children of such deceased husband, or wife, or the legal representatives of such children.”
 

 And counsel for plaintiffs in error contend that this section indicates that the Legislature which enacted it considered that ’Section 8574 covered personal property. If this Section 8577 had been enacted simultaneously with Section 8578, we should consider it a strong argument in favor of the proposition that “real estate or inheritance” signifies both real estate and personal property. But the history of this section shows that it was passed long after Sections 8573, 8574, 8576 and 8578, and by a different Legislature. It was first enacted upon April 11,1877, in 74 Ohio Laws, p. 81 (Section 4162, Revised Statutes). It therefore has no weight to indicate to us in what sense the Legisla
 
 *282
 
 ture used the phrase “real estate or inheritance’’ in the original enactment.
 

 Counsel for plaintiff in error next cite to the court the case of
 
 Stembel
 
 v.
 
 Martin,
 
 50 Ohio St., 495, 35 N. E., 208. The first paragraph of the syllabus in this case reads:
 

 “1. Where a husband or wife dies intestate and without issue, seized of nonancestral real estate, or personal property, it descends to the relict of such husband or wife, under Section 4159, of the Revised Statutes; and such property so descended, under Section 2 of the act of Aprii 17, 1857 (S.
 
 &
 
 C., 501), and amendments thereto, when the supplemental act of April 11, 1877 (vol. 74, Ohio Laws, 81), was adopted.”
 

 The supplemental act construed in the case read as follows:
 

 “That when any person, the relict of any deceased husband or wife, shall die intestate and without issue, possessed of any real estate, or personal property, which came to such intestate from any former deceased husband or wife, under the provisions of the second section of this act, to which this act is supplementary, then such estate, real and personal, shall pass and descend, pne-half to the brothers and sisters of such intestate, or their legal representatives, and one-half to the brothers and sisters of such deceased husband or wife from which such personal or real estate came, or their personal representatives.”
 

 It is true that a superficial view of the
 
 Stembel case
 
 entitles one to say that the court decided that the personal property passed to Mrs. Deshler under Section 8574. However, it is worthy of note
 
 *283
 
 that the court clearly indicates in its opinion that it made this holding so as not to defeat the purpose of the supplemental act, above quoted, saying “unless it is so held, the purpose of the supplementary act is partially, at least, defeated.”
 

 Moreover, upon page 523 of the
 
 Stembel case,
 
 (50 Ohio St., 495, 35 N. E., 212) the court says:
 

 “It may be that, in a technical sense, personalty does not pass under Section 2. But it passes by virtue of the provisions of Section four [Section 8578, General Code], in accordance with the rules of descent established by Section two [Section 8574, General Code]; and, in that sense, it comes to the relict from his or her former husband or wife ‘under the provisions’ of the latter section [Section 8574, General Code]. And it seems clear, that such was the sense in which the supplemental act uses the words, ‘under the second section of the act to which this act is supplementary.’ ”
 

 This statement shows that the real decision of the court in the
 
 Stembel case
 
 was not that perspnal property passed under 'Section 2 of the act, but that it passed in accordance with the rules of descent established by Section 2 of the act, Section 8574, General Code. Read carefully, the
 
 Stembel case
 
 is not authority for the proposition that personalty passes under Section 8574, excepting in the specific case where it passes under the supplementary act above quoted. It is significant that the ease has never been cited as authority in supreme court decisions in this state or in the decisions of any lower Ohio tribunal for the proposition here contended for.
 

 
 *284
 
 As the intention of the Legislature and the meaning of the words employed in these sections are plain, we see no reason for disturbing the judgment. Judgment of the Court of Appeals affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Kinkade and Robinson, JJ., concur.