The bill is filed for the construction of the last will and testament of Anton Prosser, which was probated by the surrogate of the county of Hudson, and a declaration by the court of the rights of the several defendants thereunder. The testator, who was a resident of Jersey City, died on November 11th, 1925. By his will, after providing for the payment of his lawful debts, the erection of a suitable tombstone and fence on his grave, and allowing the sum of $12 a year for the keeping of his grave in good order for the period of ten years, he devised one-half of the remainder of his estate to his friend August Bourginynon, "his heirs and assigns forever," and the remaining one-half thereof to his friend Gustav M. Kutschinski "for his services forever." No residuary clause is contained in said last will and testament. The testator, at the time of his death, held real estate mortgages, had moneys in bank, and was the owner of a parcel of real estate known as No. 35 Hagye street, Jersey City. He had been married to one Lillian Prosser, who predeceased him. He did not leave any children, representatives of deceased children, parents, brothers or sisters him surviving. August Bourginynon died January 9th, 1925, leaving a widow and several children him surviving. The complainant, by his bill, claims that the one-half of the testator's real estate devised by the testator to said August Bourginynon, escheats to the State of New Jersey, and that the one-half of the testator's personal property, bequeathed by him to said August Bourginynon, goes to the city of Jersey City; he avers that the widow and children of said August Bourginynon claim title, under the testator's aforesaid will, to one-half of the real and personal property of which said testator died seized and possessed.
Answers filed in behalf of the widow and children of said August Bourginynon, the State of New Jersey, and the mayor and aldermen of Jersey City tend to substantiate the claims of such respective parties as mentioned by the complainant.
On petition of Dr. Jaroslav Novak, consulate general of the republic of Czecho-Slovakia, Albin Honisch, Paula Honisch and two minor children of said Paula Honisch and her *Page 91 
deceased husband, Emil Honisch, Oswald Kohl, Rudolph Kohl, Theresa Hager, Maria Hertl, Anna Hledik, Anna Fischer, Aloisia Honisch and Joseph Friedl, as committee for Clara Portisch, an incompetent, were, by order of the court, admitted as parties defendant, and an answer was filed in their behalf on February 14th, 1927, denying the right of the widow and children of August Bourginynon, the State of New Jersey and the city of Jersey City, to share in the devise and bequest made by the testator to said August Bourginynon, and claiming that said devise and bequest had, by reason of said August Bourginynon having predeceased the testator, lapsed, and that such lapsed devise and bequest should go to the said defendants as heirs-at-law and next of kin of said testator.
It is well-established law that a legacy to A. "and his heirs" lapses upon the death of A. in the lifetime of the testator, the word "heirs" being a word of limitation and not of substitution.Zabriskie v. Huyler, 62 N.J. Eq. 697 (at p. 699);affirmed, 64 N.J. Eq. 794; Palmer v. Munsell,46 Atl. Rep. 1094; Hand v. Marcy, 28 N.J. Eq. 59; McKiernan v. Beardslee,72 N.J. Eq. 283. The aforesaid is applicable to and decisive of the testator's devise and bequest to August Bourginynon, who predeceased the testator, and manifests that the devise and legacy to said August Bourginynon, having lapsed because of his death in the lifetime of the testator, there being no residuary clause in the testator's last will and testament, pass, by operation of law, to the testator's heirs-at-law and next of kin — the real property in accordance with section 6 of the Descent act, as amended (P.L. 1917 p. 845), and the personal property in accordance with section 4 of the Distribution act. Section 169, subdivision 4, of Orphans Court act, as amended (P.L. 1918p. 181); In re O'Mara, 101 N.J. Eq. 713.
There seems to be no question as to the right of the complainant to have the court construe the last will and testament of said Anton Prosser, deceased, and to have the court declare the rights of the several defendants thereunder. InSnyder v. Taylor, 88 N.J. Eq. 513, Vice-Chancellor Backes, following In re Ungaro's Will, 88 N.J. Eq. 25, says that under the Chancery act (P.L. 1915 p. 184), any person *Page 92 
claiming a right cognizable in a court of equity under a deed, will or other instrument, may have it construed."
The only proofs submitted to the court as to the heirs and next of kin of said testator is such as evidenced by depositions, in the nature of answers to interrogatories, taken before Paul C. Seddicum, vice-consul of the United States of America, in the city of Prague, republic of Czecho-Slovakia, under and by virtue of a commission issued out of this court, bearing date March 23d 1927, directed to Paul C. Seddicum, vice-consul aforesaid, which, as appears from endorsement thereon, was received and filed by the clerk of this court June 23d 1927. I am not satisfied from my examination of the aforesaid depositions, that the persons named in the answer filed in behalf of Albin Honisch et al., are such heirs-at-law and next of kin of said testator as entitled them, under the law, to inherit such portion of the testator's estate which, by virtue of the lapsed devise and bequest aforesaid, and the failure of the testator to provide in and by his will for the disposition of such residue of his estate as remained undisposed of, the testator died intestate of. It appears to me, from the proofs before me, that the portion of the testator's estate which, as aforesaid, he died intestate of, should go to such first cousins of the testator as were living at the time of his death, as a class, and to the exclusion of cousins further removed.
The answer made by Aloisia Honisch to the thirtieth of the interrogatories aforesaid, which required her to state the names of all of the surviving heirs and next of kin of Anton Prosser, in detail, and show their relationship and how it is arrived at, says: "Johanna Portisch's children — Anna Fischer, nee Portisch; Aloisia Honisch, nee Portisch; Klara Portisch. Rosalia Hager's children — Albin Honisch, Paula Honisch, Emil Honisch, Oswald Kohl, Rudolph Kohl, Terezia Heger, Maria Hertl, Anna Fischer." The answer made by Albin Honisch to the aforesaid thirtieth interrogatory says: "Johanna Portisch's children — Anna Fischer, nee Portisch, Aloisia Honisch, nee Portisch and Klara Portisch. Rosalia Hager's children — Emil Honisch, Albin Honisch, Paula Honisch, Oswald Kohl, Rudolph Kohl, Teresia Heger, Maria Hertl, Anna Hledik." It will thus be observed that there are *Page 93 
two names "Anna Fischer" in the answer of Aloisia Honisch to the aforesaid interrogatory, and only one name "Anna Fischer" in the answer of Albin Honisch to the said interrogatory. The answer of Albin Honisch to the twenty-eighth interrogatory indicates that Rudolf Kohl and Oswald Kohl are nephews of the testator, Anton Prosser.
Counsel for the complainant stated to the court that the first cousins of the testator who, as such, are entitled to inherit from him, are: Anna Fischer, Aloisia F. Honisch and Klara Portisch, and Theresia Heger, Maria H. Hertl and Anna H. Hledik. In my judgment, further and more accurate proofs should be submitted to the court in regard to the relationship of those persons named in the answer filed February 14th, 1927, in behalf of the defendants therein named, inasmuch as all of the persons named in said answer claim a right to share in the testator's estate.
The proofs which are now before me indicate that Anton Honisch, Paula Honisch and the two minor children of the said Paula Honisch and her deceased husband, Emil, namely, Paula Honisch and Emil Honisch, and Oswald Kohl and Rudolf Kohl, claimants named in the aforesaid answer filed February 14th, 1927, are not entitled to share in the testator's estate.
The apparent error in twice stating the name of "Anna Fischer" in the answer of Aloisia Honisch to the thirtieth interrogatory aforesaid should be definitely cleared up. I presume it will be necessary for counsel to have additional interrogatories propounded to such persons residing in the republic of Czecho-Slovakia, as may be competent to afford adequate proof of the requisite matter, and that a commission to effectuate such purpose should issue to Paul C. Seddicum, vice-consul of the United States of America, in the city of Prague, republic of Czecho-Slovakia, to whom the former commission to examine Aloisia Honisch of the city of Undangs in the republic of Szecho-Slovakia, and Albin Honisch of the city of Mahr-Trabau in the aforesaid republic, upon interrogatories thereto annexed, heretofore issued. When such proofs are obtained this matter may again be brought to my attention in order that I may advise an appropriate decree. *Page 94