Stephen B. Arrowsmith, dying in 1910 seized of a residence property in Red Bank, N.J., gave and devised all of his property, real and personal, to his wife, Sarah, for her life, with the right to consume principal, and with the further provision "And from and after the decease of my wife, I give, bequeath and devise all my said estate then remaining unto my beloved daughters, Eleanor Arrowsmith and Emma *Page 144 
A. Morris, * * * share and share alike, to them, their heirs and assigns forever."
The daughter Eleanor died in June, 1924, intestate, and leaving her sister Emma Morris and her mother, the life tenant, her sole nearest of kin.
The tax commissioner assessed a tax on the basis of a transfer (by intestate succession) of an interest in the residence property from Eleanor to Emma Morris. The present appeal challenges the validity of that tax. There is no issue as to value or computation; the contentions of appellant are, first, that no interest in the property passed from Eleanor to her sister by operation of the law as to intestate succession; second, that if any interest did so pass, the transfer thereof does not come within the category of transfers made taxable by the statute.
As to the first contention, appellant's argument is that either (1) the devise of the remainder, by the Stephen Arrowsmith will, was to the two daughters as a class, and vested in them as joint tenants, with the right of survivorship, and hence that the ownership by Emma of the "interest of Eleanor" resulted from a transfer by the will of Stephen and not by intestate succession from Eleanor; or (2) the devise, though to the two daughters as individuals, was nevertheless subject to divestiture as to the share of either (or both) by death prior to the death of life tenant, and that the death of Eleanor resulted in the divesting of her share or interest which thereupon passed by intestacy fromStephen to Stephen's heirs at law. No citation or any authority is made in support of this latter proposition; and it need be given no further consideration. Nor, under the law of this state, does the other proposition stand on any sounder basis.
It is entirely settled in New Jersey that a gift to persons who constitute a class, if made to them by name and with the further clause "in equal shares," is a gift in severalty and creates no joint tenancy, Post v. Herbert's Ex'rs, 27 N.J. Eq. 540,at 547; Redmond v. Gummere, 94 N.J. Eq. 216, at 218,119 Atl. Rep. 631. It is equally well settled that in the case of the gift of a remainder interest (not being a joint *Page 145 
tenancy) subject to a life estate, the remainder interest is vested immediately (unless testator provides otherwise), and, on the death of the remainderman prior to the death of the life tenant, passes from the remainderman, under and by virtue of the remainderman's will or by intestacy to his heirs at law or next of kin, and under and by virtue of the will of the original testator (unless the latter provides for a substitutionary gift over on the event of the death of the remainderman prior to the expiration of the life estate). Pedrajas v. Bloomfield TrustCo., 101 N.J. Eq. 105, 137 Atl. Rep. 86; affirmed, 101 N.J. Eq. 803,139 Atl. Rep. 18.
In the instant case the Stephen Arrowsmith will gives the remainder interest to Eleanor in severalty, and with intent that it vest immediately, and without any substitutionary gift in the event of her predeceasing the life tenant. The words "their heirs and assigns forever," following the gift to the two daughters, import no substitutionary gift, but simply indicate the absolute quality or extent of the estate given. Kutschinski v.Bourginynon, 102 N.J. Eq. 89, 139 Atl. Rep. 596. On the death of Eleanor, therefore, a transfer from her to her sister and heir at law did occur by operation of the intestate laws and not by virtue of the Stephen Arrowsmith will.
Appellant however contends that this transfer is not made taxable by the Transfer Inheritance act; that under the terms of the statute in force and effect at the death of Eleanor, — P.L.1909, c. 228, as amended by P.L. 1922, c. 174, — the tax is imposed upon transfers from any person "dying seized or possessed" of the property transferred; that Eleanor did not die seized or possessed of the residence in question; and hence the intestate transfer of her interest therein cannot lawfully be taxed.
It is true that Eleanor was not seized of the residence property at the time of her death, — using that phrase in its strictest technical sense. — because she had neither possession nor the right to immediate possession; there being a life tenant who had the seisin. Heldhauser v. Schulz, 93 N.J. Eq. 449,116 Atl. Rep. 791. The decision in that case however deals with the technical subject of dower and so likewise does the statute, the Dower act. *Page 146 
As commonly used in law however the word "seized" is not limited to the strict seisin of the owner of a freehold estate presently in possession; it denotes "title" or "ownership." This is evidenced, indeed, in the very case last cited, for the court in the course of the opinion holding that the wife of the remainderman was not entitled to dower because the remainderman was not seized of the property during the life of the life tenant, says that the remainderman "was never seized of anything more than an estate in remainder." So also in Cummings v.Cummings, 76 N.J. Eq. 568, 75 Atl. Rep. 210, the court repeatedly speaks of a remainderman as being "seized of an estate of inheritance" during the life of a life tenant; and beyond doubt many similar instances could be found in the New Jersey reports. That the word "seized," as commonly used even in a more or less technical sense, is equivalent to "owning" or "being entitled to," see 57 C.J. 97, et seq.
In the interpretation of statutes, and especially taxing statutes, words are to be construed in their common or popular sense rather than in a strictly technical sense, — unless there be something to indicate that the legislature intended the latter. Evening Journal Ass'n. v. State Board of Assessors,47 N.J.L. 36; American Pig Iron Storage Co. v. State Board ofAssessors, 56 N.J. Law 389, 29 Atl. Rep. 160; Security Trust Co.
v. Edwards, 90 N.J. Law 558, 101 Atl. Rep. 384; Heston v.Atlantic City, 93 N.J. Law 317, 107 Atl. Rep. 820.
That the legislature intended the word to be understood in its common or general sense of ownership, is clear from a consideration of the statute as a whole. The legislative purpose was obviously that of taxing broadly and generally all transfers (of the ownership of any and all interests in any and all property) occurring at death, and transfers made in lieu and stead of testamentary transfers. Section 26 of the act provides that the word "property" is to be construed to mean "theinterest" of the transferor in the property, — the interest which passes or is transferred; and further that the word "transfer" includes the passing "of any interest" in property. *Page 147 
Paraphrasing the wording of section 1, subsection first, inaccordance with these specific statutory directions, — the tax is imposed on "the transfer of any property * * * or of any interest therein, * * *. First, when the transfer or passing of any property or any interest therein is by will or by the intestate laws of this state from any person dying seized or possessed of the interest which such person has in the property." Obviously the word "seized" cannot possibly have the strict, narrow highly technical meaning for which appellant contends, — it cannot have any other meaning than "owning" or "entitled to."
The tax in question was computed and assessed, not on the basis or theory that Eleanor was seized of an undivided half interest in the property, but on the basis that she was "seized of," — was the owner of, — an undivided half of a remainder interest, subject to the life estate of her mother.
It was correctly computed and validly assessed, and will be affirmed. *Page 148