[redacted]

**STATE ex RICH v PAGE et**

Common Pleas Court, Hamilton Co

No A-73718. Decided Feb 13, 1941

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Carl W. Rich, prosecuting attorney, and Ralph B. Kohnen, asst. prosecutor, Cincinnati, for plaintiff.

Sol Goodman, Cincinnati, for executor, Rosa Findley.

**OPINION**

By SCHNEIDER, J.

The issue raised by the demurrer filed herein is one of first instance in our state.

The petition was filed by the prosecuting attorney of Hamilton County, on relation of the State of Ohio, seeking to set aside the last will and testament of Ellen Brock, which was duly admitted to probate by the Probate Court of Hamilton County, under date of June 14, 1940.

The petition recites that "Ellen Brock died leaving no next of kin or heirs," and the action is brought "for and on behalf of the State of Ohio for the recovery of property belonging to said estate as escheated property to the State of Ohio."

It is alleged further that the said will is not the last will and testament of the decedent.

648

The action is directed against Rosa Findley, as executrix under the last will and testament of Ellen Brock, by appointment of the Probate Court of this county, and also against one Wilbur A. Page, although the petition does not reveal the interest or connection of said Wilbur A. Page to the proceedings.

One of the grounds of the demurrer is that the petition was not filed within the time limited by law. In view of the conclusion reached by the court as hereinafter set forth, the court feels it unnecessary to pass upon this ground.

The other grounds as set forth in the demurrer are that the plaintiff does not have capacity to sue and that the petition does not state a cause of action.

Under our statute of descent and distribution, §10503-4 GC, where one dies leaving no next of kin of any class, kind or degree, the estate is given to stepchildren and if there be no stepchildren or lineal descendants thereof said property escheats to the State of Ohio.

It is to be noted here that under this section it was not the purpose of the Legislature to create a new and heretofore unrecognized class of heirs or next of kin in the persons of stepchildren and their lineal descendants, and it does not place the State of Ohio within the category of an heir or next of kin.

To "escheat" means to revert to the Crown or Government because of the non-existence of legal heirs. The government takes by reason of forfeiture as a result of a failure of legal heirs to inherit.

What authority then does the prosecuting attorney have?

Sec. 10503-24 GC, provides that when property shall escheat to the State of Ohio, the prosecuting attorney of the county in which letters of administration are granted upon such estate, shall collect and pay it over to the treasurer of such county. It is clear from this section that it is only when property is held in the hands of an administrator of an estate of a person who dies leaving no heirs or next of kin and leaving no stepchildren or their lineal descendants, that the prosecuting attorney of the county is authorized to collect said person's property, on behalf of the state.

According to the allegations of the petition herein whatever property is involved in the estate of Ellen Brock is in the hands not of an administrator but of an executrix appointed by the Probate Court under a last will and testament admitted to probate by that court.

Nowhere in the statutes is to be found any authority giving to the prosecuting attorney of a county the right to sue on behalf of the State of Ohio to set aside a will, even if we assume that the state itself has the right to bring such an action.

The authority to bring an action to set aside a will is to be found in §10504-32 GC, which uses the words "no person interested". The word "person" as so used is defined in §10213 GC, and does not include the State of Ohio. It is safe to assume from this the Legislature did not intend to make the state a party to such an action.

**Headnote 5.**

It must be presumed that the Probate Court in the present instance found as a matter of fact that Ellen Brock, at the time she made her last will and testament, which the Probate Court admitted to probate and record, was a person of sound mind and memory, not under restraint and of legal age.

Under the authority of **Brown v Burdick, 25 Oh St 260**, the will, having been admitted to probate, remains in full force and carries with it a legal presumption in favor of its validity.

It follows, therefore, that Ellen Brock did not die intestate and her property did not escheat to the State of Ohio and the prosecuting attorney has no duty or authority to perform in respect thereto.

While this demurrer presents new questions in this state, two cases in other jurisdictions have been brought to the attention of the court which lend support to this conclusion. In the case of State of Louisiana v Ames, 23 La. Annual Reports 69, it is held that the state, under statutes similar to our own on the subject, is not an heir under any circumstances.

Very much in point is the case of In re Leslie's Estate, 156 N. Y. S. 346. There a statute almost identical with our statute on descent and distribution is construed, and the court holds that since the state itself is not entitled to contest the probate of a will of an heirless person in order to promote its right of escheat, no such right would inhere in the claimants. In that case the beneficiaries of the estate by virtue of the succession statute, were seeking to contest and set aside the will of the decedent.

The demurrer will be sustained.