BOROVSKAYA ET AL., APPELLANTS, *v.* STATE OF OHIO, APPELLEE.

(No. WD-77-6—Decided September 30, 1977.)

*Mr. Peter Onysko,* for appellants.
*Mr. John S. Cheetwood* and *Mr. Michael J. Halleck,* for appellee.

BROWN, J. Defendants-appellants, Elizabeta Ludviko-vina Borovskaya, Janina Ludvikovina Volkovich, Irina Ivanovna Volkovich and Maria Bonifacevna Volkovich, appeal from a final judgment entered January 20, 1977, overruling appellants' motion for relief after judgment. The appellants' motion attacked the judgment entered October 24, 1960, which ordered the estate of Antoni Walkowicz, deceased, to escheat to the state of Ohio.[1] These appel-

---

[1] The pertinent part of the October 24, 1960, escheat order provides as follows:

lants are four persons living in the Lithuanian Socialist Republic claiming to be heirs of Antoni Walkowicz.

These appellants, plus Rafael Ludwikowicz Walkowicz and Felix Ludwikowicz Walkowicz, who lived in Poland and filed no appeal, were all the next of kin listed in the application for letters of administration issued to Gary Kuns, administrator *de bonis non* of the estate of Antoni Walkowicz.

As part of the 1960 escheat order the Probate Court ordered the Wood County prosecuting attorney to deliver the net proceeds of $19,420.37 to the Wood County treasurer for distribution to school districts in Wood County in accordance with R. C. 2105.17 and R. C. 3315.-32.

In 1972, the four Lithuanian heirs of Antoni Walkowicz applied to reopen the Walkowicz estate. The estate was ordered reopened on October 6, 1972, and authority therein granted to the fiduciary to recover estate assets. By an order filed August 16, 1973, the Probate Court denied the application for an order releasing temporarily escheated assets of the Walkowicz estate mainly for the reason that "there is no officer of the Probate Court to whom an order of this nature can be directed."[a] On motion of the Walko-

"It is therefore ordered, adjudged and decreed, that the net proceeds of the estate of Antoni Walkowicz a. k. a. Tony Walkowicz escheat to the State of Ohio.

"It is further ordered, adjudged and decreed that Henry Werner, Jr., the Administrator of the estate of Antoni Walkowicz, deceased, be, and he is hereby ordered to deliver to the Prosecutor of Wood County, the net estate of said decedent in accordance with Section 2105.07 of the Revised Code of Ohio. The said funds to be distributed by the said Prosecutor as provided by law."

[a] The order of August 16, 1973, as amended on August 24, 1973, denying the application to release temporarily escheated assets reads as follows:

"This matter came on for hearing on May 24, 1973. The Court, after considering briefs and arguments of counsel, finds from the evidence adduced that the relief prayed for cannot be granted.

"The assets in question, once in the possession of the Wood County Treasurer were distributed by such officer in a regular and proper

wicz heirs this order was clarified on August 24, 1973, as to paragraph 3, adding that, "there is no party before this Court to whom an order for relief * * * may be * * * effectively directed since the funds * * * are no longer in the hands of the Wood County Treasurer."

The final order of August 16, 1973, amended as of August 24, 1973, was appealed to this court and on December 5, 1973, the appeal was dismissed for want of prosecution.[8]

On August 1, 1975, the four Walkowicz Lithuanian heirs filed a motion for relief after judgment seeking to vacate and set aside the escheat order of August 16, 1973, as amended August 24, 1973. These motions requested a vacation of the judgment that Antoni Walkowicz had no heirs, an evidentiary hearing to determine which parties were legal heirs, and an order that the Wood County treasurer pay to the heirs the sums that he had received from the estate. The motions were based on the allegations that the administrator had not made a diligent search for heirs and that the Probate Court had no jurisdiction to order escheat since the order was based on improper constructive service. On January 20, 1977, the Probate Court denied this motion presumably because of the principles of *res judicata* arising from the first appeal and its dismissal.

---

manner pursuant to the provisions of the Ohio Revised Code, prior to the commencement of this action.

"There is no party before this Court to whom an order for the relief prayed for may be properly and effectively directed since the funds were properly distributed by, and are no longer in the hands of, the Wood County Treasurer.

"There is no officer of the Court to whom an order of this nature can be directed.

"Said application is therefor [sic] denied."

[8]The dismissal of the appeal on December 26, 1973, reads as follows:

"Case called for hearing to show cause why appeal should not be dismissed for want of prosecution. Both parties in default for appearance, either in person or by counsel. Appeal dismissed at appellant's costs and cause remanded to the Probate Court of Wood County for execution for costs."

However, the Probate Court did not expressly state that the principles of *res judicata* barred the 1975 motion for relief after judgment.[4]

The present appeal by the four Lithuanian heirs only, no appeal having been filed by the two Polish heirs, is from the final order of the Probate Court filed January 20, 1977, which denied the motion for relief after judgment to set aside the escheat order of August 16, 1973, as amended August 24, 1973.

The appellee interprets the January 20, 1977, entry, set forth in footnote 4, denying post-judgment relief to appellants, as a judicial determination that the 1973 dismissal of the appeal for want of prosecution and the Probate Court proceedings leading up to the appeal bar the Probate Court proceedings thereafter in 1975 and the January 1977 appeal from the final order arising therefrom on the principal of *res judicata*. This interpretation is not correct.

We find that the issues and parties in the 1973 Probate Court proceedings were not identical to those in the present action. In the 1973 proceedings in Probate Court, only the alleged four Lithuanian heirs were before the court, although the two Polish heirs who joined in the present suit for relief after judgment were listed in the administrator's *de bonis non* application for letters of appointment. Furthermore, the Probate Court in 1973 did not adjudicate the issue of whether the escheat order was properly entered, but confined its decision to a ruling that there was no party before the court to whom an order for

---

[4] The January 20, 1977, final order of the Probate Court reads as follows:

"The motion for relief after judgment filed in this matter on August 1, 1975; the joinder in said motion filed on September 3, 1975; and the motion for relief after judgment filed on September 29, 1975, are denied.

"All parties to these actions were before the court represented by counsel when this matter was appealed before the Court of Appeals of Wood County, Ohio, on September 18, 1973. Said appeal was dismissed because the parties failed to appear in person or by counsel by order dated December 4, 1973."

relief could be directed. The merits of the alleged heirs' claims of legal title to the Walkowicz estate have never been litigated or adjudicated.

In 1973, the Probate Court ruled in effect that the escheated funds, having been distributed, could not be recovered. If this ruling is correct, any consideration of the merits of the motions for relief after judgment is meaningless. For reasons hereinafter discussed, we judicially determine that the ruling is incorrect.

The disposition of the property of intestate decedents in Ohio is governed strictly by statute. R. C. 2105.06,[5] provides that the personal property of an intestate decedent shall escheat to the state in the absence of heirs. R. C. 2105.07 provides that when personal property escheats to the state, the prosecutor of the county in which the letters of administration are granted shall collect the estate and pay it to the county treasurer, who in turn shall apply it to the county schools. R. C. 3315.32 describes the method of distribution of these funds.

There is no provision in the code for the recovery of escheated personal property, either before or after distribution.[6] Nor is there any reported case in Ohio on this point. 1934 Ohio Atty. Gen. Op. 134 (construing G. C. 8579, predecessor to R. C. 2105.07) states that title to a decedent's personal property may not escheat to the state when there was a living heir at the time of demise, even though the heir was unknown to the administrator at the time of the closing of the estate. The opinion further states that when the escheated funds have been distributed

---

[5]R. C. 2105.06 in pertinent part provides as follows:

"When a person dies intestate having title or right to any personal property, or to any real estate * * * the personal property shall be distributed, * * * in the following course: * * * (J) If there are no stepchildren or their lineal descendants, escheat to the state."

[6]*Cf.* former R. C. 901.20, repealed in 1961, which provided, in part:

"* * * When escheated [real] property is legally reclaimed by an heir, the state agricultural fund shall be held subject to the payment to the purchaser from the state so much of the original purchase money as it received, with legal interest to the time of reclamation."

to the prosecuting attorney and paid into the county's general fund, where it remains, the Probate Court may vacate its former order and order the funds paid to the heir. However, this opinion is not applicable to the case before us where the escheated funds did not remain in the general fund but were distributed to the school districts long before the alleged heirs sought to reclaim the funds.

Incident to a determination of whether relief after judgment should be granted to appellants to vacate the 1973 escheat order, the following legal principles should be considered and applied to the facts *sub judice*. Where there is a living heir of the decedent, even though he may be unknown to the administrator at the time of the administration of the estate, the state takes no title to the personal property of the estate by escheat. *Wood* v. *Sprague* (1940), 165 Ore. 122, 106 P. 2d 287; *State, ex rel. Rich,* v. *Page* (1941), 33 Ohio Law Abs. 647; *In re Estate of Kavanaugh* (1960), 11 Wis. 2d 619, 106 N. W. 2d 405; *Estate of Payne* (1932), 208 Wis. 142, 242 N. W. 553; 20 Ohio Jurisprudence 2d 205, Escheat, Section 12; 1934 Ohio Atty. Gen. Op. 134; 27 American Jurisprudence 2d 879, 912, Escheat, Sections 11, 45; 30(A) Corpus Juris Secundum 942, Escheat, Section 14. A valid finding of escheat by a trial court must be that there are no heirs, not that "to the knowledge of plaintiff there are no known next-of-kin." The specific mandate of the statute governing escheats of property to the state must be strictly followed to create a valid finding and judgment of escheat by the Probate Court. *Robinson* v. *State* (Tex. Civ. App. 1935), 87 S. W. 2d 297; *Maurer* v. *Mihalyne* (1957), 105 Ohio App. 83; *cf., Lincoln Tavern* v. *Snader* (1956), 165 Ohio St. 61.

Pursuant to Civ. R. 60(B), on a motion made within a reasonable time, a party may be relieved from a final judgment for any reason justifying relief. As appellants have timely moved for such relief, and as there has been no previous ruling that would bar the adjudication of their claim, we find that the Probate Court erred in dismissing appellants' motion for relief after judgment. Therefore, appellants' assignment of error is well taken

We do not here rule on the question of whether, if appellants are determined on remand to be the legal heirs of Walkowicz, they may thereafter recover the escheated funds. It might well be, if appellants are judicially determined as heirs in Probate Court, that to recover the escheated funds the heirs might find it necessary to seek relief by a separate action in another forum against the state of Ohio.[7] See R. C. Chapter 2743.[8] We note that the 1973 Wood County Probate Court ruling that there was then no party before the court to whom an order of recovery could be issued is a final order which bars any subsequent suit against the Wood County treasurer in the absence of vacation of such final order.

The judgment of the Wood County Court of Common Pleas, Probate Division, is reversed. This cause is remanded to the Probate Court for a determination of whether the order of escheat was properly entered and, if not, a determination of the legal heirs of Antoni Walkowicz.

*Judgment reversed.*

Connors and Wiley, JJ., concur.

Wiley, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.

---

[7]Title vests in the state of Ohio under R. C. 2105.07 as to personal property which escheats to the state. *Center* v. *Kramer* (1925), 112 Ohio St. 269; *cf. State, ex rel. Rich,* v. *Page, supra.*

[8]See R. C. 109.41 in relation to R. C. Chapter 2743.