July, 1830.

Church at Ac-
quackanonk
v.
Ex'rs of Ack-
erman et al.

The DUTCH CHURCH AT ACQUACKANONK v. The SURVIVING
EXECUTORS OF ABRAHAM ACKERMAN, dec'd, and others.

On a legacy bequeathed to the widow in lieu of dower, interest allowed after one
year from the testator's death, upon the common rule applicable to legacies
generally.

The exception, allowing interest from the testator's death on legacies intended
as a maintenance, applies only to infant children, and does not extend to
the widow.

The allowance of interest on a legacy is not regulated by the fund out of which
it is to be paid, whether productive or not.

The widow is excused in declining to make her election when required to do so
by the executors, and in not accepting the legacy bequeathed to her in lieu
of dower, while a controversy was pending respecting the will of the testator,
so far as it affected the real estate with which her rights under the will were
in a degree connected; and having afterwards, within the time directed by
the court, elected to accept the legacy, she is entitled to interest on it from the
expiration of one year after the testator's death.

ABRAHAM Ackerman, on the 28th December, 1827, made and
executed his last will and testament, in the presence of three sub-
scribing witnesses; in which, among other things, he devised to his
wife $200 in money, some personal property, and a lot of land
in fee; and also bequeathed her $2000, to be paid to her out of his
estate as soon as conveniently might be, in lieu of her dower. And
bequeathed to the minister, elders and deacons of the true Re-
formed Dutch Church at Acquackanonk $1500; and also one
sixth part of all the residue of his estate. The testator died on
the 28th January, 1828; the will was proved before the surrogate,
and letters testamentary granted to the executors; who collected
debts, paid off some of the legacies, had overplus money in hand,
called on the widow to elect whether she would claim her dower,
or accept the legacy of $2000, given in lieu of it; and in case of
her acceptance, offered to pay her the legacy. But, one of the in-
strumental witnesses to the will being an elder and trustee of the
church; and doubts having arisen, whether the church was enti-
tled to the legacy of $1500, and whether the will was duly exe-
cuted to pass real estate, and the interest of the widow in the lot
devised to her might not be affected: she declined making her

July, 1830.

Church at Ac-
quackanonk
v.
Ex'rs of Ack-
erman et al.

election, or receiving the legacy of $2000 in lieu of dower; and the executors declined paying the legacy to the church until the matter should be settled by a competent tribunal. The bill in this case was thereupon filed by the church,against the surviving executors, the widow, legatees and heirs at law of the testator, for the purpose of establishing the will and recovering the legacy of $1500. The widow and executors answered, admitting the facts, and praying the direction of the court. The cause came on in July, 1829, upon bill and answers, and leave was given to the complainants to examine the witnesses to prove the due execution of the will, and a general reference as to debts, legacies, &c. directed. Another hearing was had in October, 1829; whereupon it was decreed, that the will be established, and the trusts thereof performed; and Jane Ackerman, the widow, was directed to signify in writing to the court, within thirty days after being served with a copy of the decree, whether she would claim her dower, or accept the legacy of $2000 in lieu of it; and farther equity and directions reserved. The widow, within the thirty days, (on the 16th December, 1829,) certified to the chancellor her election to accept the legacy in lieu of dower: upon which the executors paid her the $2000 ; but, as they had before offered to pay, and she had refused to accept it, they declined paying her any interest on it without the direction of the court, and the cause was again set down for farther hearing and direction upon this point.

*J. C. Hornblower,* for the widow, insisted, that the widow was entitled to interest from the death of the husband, by analogy to the case of children, who are entitled to interest for maintenance, notwithstanding a day of payment was fixed ; and because it was payable out of land, and intended as a provision for the widow, in lieu of her dower in the testator's real estate, which would have produced a profit ; and it was to be presumed the testator intended something equally beneficial. That, if he had died out of possession, she could have demanded dower, and obtained the profits from the time of the demand. That, if she was not entitled to interest from the testator's death, she was entitled to it from the expiration of one year after, upon the general rule regulating the payment of interest on legacies, notwithstanding her delay in making her

6

July, 1830.

Church at Ac-
quackanonk
v.
Ex'rs of Ack-
erman et al.

election, and refusal to accept the legacy when payment was offered; for which she had a sufficient excuse in the uncertainty that existed concerning the will.    That, although the interest was not claimed in her answer, or mentioned in the former arguments or decrees, it might be given under the reservation of "all far-ther questions," &c.    He cited *Lupton* v. *Lupton*, 1 *John. C. R.* 614, 628; *Crocket* v. *Dolby*, 3 *Ves. jr.* 16; *Ingraham* v. *Porsal*, 1 *McCord R.* 94, 8; *Irby* v. *McGray*, 4 *Dessaus. R.* 422; *Glen* v. *Fisher*, 6 *John. C. R.* 33; *Goodyear* v. *Lake, Amb. R.* 584; *Campt* v. *Mesin*, 6 *John. C. R.* 22, 3; 2 *Ves. jr.* 164; 2 *Atk. R.* 439.

*E. Vanarsdale*, contra—made no objections on account of the interest not having been brought in question in an earlier stage of the cause, or on account of the principal sum of $2000 being paid; but insisted, that the widow was not entitled to interest on the legacy from the death of the husband, upon the ground of its being given as a provision for her support; the rule allowing interest for maintenance, extending only to the case of infant children : nor on account of its being a legacy out of lands; the distinction with respect to the fund out of which a legacy was paya-ble, having been abolished.    That she was not entitled to inter-est after the year, as payment of the legacy had been offered to her, and she had declined accepting it.    That the doubts which existed as to the will, affected the legacy given to the church, but did not extend to her legacy.    The only doubt that affected her interest, was, as to the lot of land devised to her.    That, if she was embarrassed by it, the residuary legatees ought not to suffer. He cited, 12 *Ves. jr.* 461; 15 *Ves. jr.* 301; 2 *John. C. R.* 628; 1 *Swans. R.* 553; 7 *Ves. jr.* 96; *Fran. Max.* 105; *Marsh. Ken. R.* 161; 3 *Bin. R.* 295.

*Hornblower*, in reply.    This is not the case of a *mere legacy*. It is a provision for the wife in lieu of an estate in land, of which the husband could not deprive her, by his will or otherwise; which would have produced a present profit.    That the interest of the residuary legatees could not affect her rights.

THE CHANCELLOR. This case comes up on an application to the court for directions, as to the payment of interest on a legacy of $2000, given to the widow, by the will of Ackerman, the testator. On looking into the matter, I see nothing to take the case out of the common rule applicable to interest on legacies generally. The idea that this was intended as a maintenance to the widow, and that therefore interest should be allowed from the death of the testator, cannot be supported. The exception extends to infants only. 1 *Swans. R.* 553 ; 2 *John. C. R.* 628. The only dictum to be found in favour of extending the exception to the wife, is that of Lord Alvanley, in *Crocket* v. *Dolby*, 3 *Ves. jr.* 16 ; and this has been many times overruled: *Stent* v. *Robinson*, 12 *Ves. jr.* 461 ; *Lowndes* v. *Lowndes*, 15 *Ves. jr.* 301 ; *Raven* v. *Waite*, 1 *Swans.* 553 ; and the cases there cited. Nor is it material that the legacy in this case was payable out of the land. The question of interest is not regulated by the fund out of which the legacy is to be paid, whether it be productive or not: *Gibson* v. *Bott*, 7 *Ves. jr.* 89. On the other hand, the legatee is not to be deprived of her interest, because she declined receiving the legacy when payment was offered by the executors. A controversy was pending respecting the will of the testator, so far as it affected the real estate : with that controversy her rights under the will were in a degree connected ; and I think she is excused, at least, if not justified, in declining to receive the legacy until the matter was settled. The executors have performed their duty fully ; and the widow has done nothing, as I conceive, to forfeit her rights. My opinion is, that the widow be allowed interest on the legacy from the 28th day of January, 1829, being one year from the testator's death.