THE EXECUTORS OF JOHN S. ROGERS, deceased,

v.

ADALINE B. ROGERS et al.

1. In construing a will, the intention of the testator is to be collected from all parts of the will taken together, and after looking at the whole instrument, and considering all its parts, such construction is to be adopted as will give effect, if possible, to every part of the will.

2. The rule is settled, that where two clauses of a will are irreconcilable, so that they cannot possibly stand together, the clause which is last in local position shall prevail and the other be considered to have been nullified, but this rule is never applied except on the failure of every attempt to give the whole will such a construction as will render every part of it effective.

On final hearing on bill, answers and proofs.

*Mr. William H. Vredenburgh,* for the complainants.

*Mr. Frank P. McDermott,* for the widow.

*Mr. John E. Lanning,* for the residuary legatees.

VAN FLEET, V. C.

The object of this suit is to procure a construction of those parts of the will of John S. Rogers, deceased, which dispose of his residuary estate. The complainants are the executors of the will, and, as conflicting claims are made as to what shall be done with the testator's residuary estate, the complainants say that they are in doubt as to their duty, and they, therefore, ask the court to construe the will in order that their duty may be made plain and its performance safe. The adverse claimants are the testator's widow on the one side and his children by his first wife on the other. The widow claims that she is entitled to the use of the residuary estate during her life, and that its principal does not become payable until her death, while the children, on the

Rogers v. Rogers.

·other hand, claim that the widow has no right whatever to the use of the residue, but that the same must be paid to them immediately on its ascertainment by the settlement of the estate.

In this, as in most other disputes concerning the meaning of wills, we must go to the will itself as the final arbiter. We must look at the whole will and consider all its parts, for, as was said by Justice Wilmot, over a century ago, in *Oates* v. *Cooke, 3 Burr. 1886,* and has since been many times repeated, ·" the intention of the testator is to be collected from all parts of ·the will taken together; " and then, after thus looking at the ·will and carefully considering all its part, we are, in obedience ·to another canon of construction, to adopt such construction as will give effect, if possible, to every part of the will. Looking at this will in this way, it is not at all difficult, as it seems to me, to discern the testator's intention respecting the disposition of his residuary estate. He first gives his widow, to quote the words of the will, " in place of dower, all my real and personal property, during her natural life, subject to the charges hereinafter created and put upon the same, that is to say ; " then follows a devise to his widow for life of his homestead house and lot (the lot being particularly described by course and distance)—

·" together," in the words of the will, " with all the furniture and fixtures, ·outbuildings, cattle, horses and farming utensils of every kind, and wherever situated, for her maintenance and support and that of my infant son Andrew, and after the decease of my wife, I then give the house and lot, as described as aforesaid, together with the personal property willed to my wife, to my son Andrew forever as his portion of my estate."

By the next paragraph the testator empowers his executors to sell all the residue of his real estate, either at public or private sale, whenever they may think it advisable to do so, for the purpose of paying his debts and expenses, and to make deeds for the same. His will then says :

"After paying my debts, I desire my executors to invest the residue and remainder of my estate for the use and benefit of my wife, during her natural life, and my child Andrew, during his minority, for their support and maintenance."

And then the will repeats, in substance, the gift made to Andrew, by the first paragraph summarized, of an estate in remainder in the homestead property and certain chattels, to take effect in possession on the death of his mother. And then the will says:

"The residue of my estate, after settling all the charges placed on it for debts and expenses, it is my will and desire to be divided equally among all my children by my first wife, share and share alike."

And then follows the names of his children by his first wife. The testator left a small personal estate. Its appraised value, including the chattels specifically bequeathed, is less than $302. The proofs show that his homestead is worth about $6,000 and his other real estate about $8,000. The claims presented against his estate amount to a little less than $1,525.

The contention on the part of the children by the first wife is, that there are two provisions in that paragraph of the will last summarized which are so repugnant to each other that they cannot both stand and be given effect. Or, stated in another form, the claim is, that the direction to invest the residue for the use of the widow during her life is so invincibly repugnant to the direction, immediately following, to divide the residue among certain designated legatees, that the first direction must, by force of an established rule of law, be held to have been nullified or destroyed by the second, and, consequently, that the second alone is entitled to prevail, and is the only one that should be given effect. The rule is undoubtedly well settled, that where two clauses of a will are irreconcilable, so that they cannot possibly stand together, the clause which is last in local position shall prevail, the subsequent words being considered to denote a subsequent intention. *2 Jarm. Wills (R. & T.'s ed.) 44.* But it is equally well settled that this rule is never to be applied except on the failure of every attempt to give the whole will such a construction as will render every part of it effective. *2 Jarm. Wills (R. & T.'s ed.) 48.* The question in dispute must be decided by this rule, and a simple statement of the rule is all, as it seems to me, that it is necessary for the court to do in deciding

Rogers v. Rogers.

the case. The rule in this instance applies itself. My difficulty all the way through the case, both during the argument and while engaged in its consideration, has been to discover any ground upon which it can be fairly contended that the two clauses under consideration are, in any substantial respect, repugnant or antagonistic to each other. There is certainly none when the scheme of the testator is considered and the will is looked at as a whole and all its parts are kept before the mind.

The testator, in describing what disposition he intended to make of his property, starts out, it will be noticed, by giving his widow all his property during her life; he then describes what part of his property she shall enjoy by having the actual possession thereof; this part he then gives in remainder to his son Andrew, as Andrew's full portion of his estate; he then directs that all his real estate, except his homestead, shall be sold at the discretion of his executors; he next directs that the residue of his estate shall be invested for the use and benefit of his widow during her life; and lastly, that such residue shall be divided equally among all his children by his first wife. The time when the residue is to be divided among the persons to whom it is given, is not specified in express words, but, on looking at the scheme of the will, and considering all its parts, it appears, by implication, almost as clearly as if it had been stated in express words. The widow cannot have the use and benefit of the residue for life, unless its division is deferred until after her death. The testator unquestionably meant that she should have the use and benefit of the residue for life, for he has said so in plain words, and has said nothing in the subsequent clause of his will, either directly or by fair implication, which denotes the slightest change in his intention in that respect. The implication, therefore, that he meant that the division of the residue should be deferred until after her death is natural and easy—it is necessary in order to give full effect to both clauses of the will—while to say that he meant that the division should be made immediately on the ascertainment of the residue, is to impute to him an intention which he has not only not expressed, but is to say that he did not intend what he has twice said he

did intend. Such a construction would not give effect to the intention of the testator, as ascertained by well-settled rules, but defeat it. In my judgment there is no repugnancy between the two provisions under consideration, but, on the contrary, on reading the whole will, according to established rules of construction, it is made entirely clear that the testator intended that his widow should have the use of his residuary estate for life, and that its *corpus* or principal should not become distributable or payable to the legatees to whom it is given until after her death.

The question whether the widow is entitled to the whole income of the residuary estate, the words of the gift being for her use and benefit for support and maintenance, is not now before the court, and has not, of course, been considered