SAMUEL G. McKIERNAN et al., executors, &c., of John McKiernan, deceased, and individually,

*v.*

ELIZABETH BEARDSLEE (or BEARDSLEY) et al.

[Decided November 1st, 1906.]

In the absence of any clause or expression in a will showing an intent to the contrary, a devise or bequest from a wife to a husband "to him and his heirs forever," lapses upon the death of the husband in the lifetime of the testatrix; the words "heirs forever" being words of limitation and not of substitution.

On bill, &c.

*Mr. George S. Hilton,* for the complainants.

*Mr. Abram Klenert,* for the defendants.

LEAMING, V. C.

The will of Emeline A. Doremus contained the following provision:

"After the payment of all my just debts and funeral expenses, I give, bequeath and devise all my property, both real and personal, wheresoever situate, and whatever the same may be to my husband, Cornelius Doremus, of the city of Paterson, in the county of Passaic and State of New Jersey, to him and his heirs forever."

Cornelius Doremus, the devisee and legatee named in the will, died April 1st, 1899.

Emeline A. Doremus, the testatrix, died November 10th, 1904.

The sole question for determination is whether the devise and bequest lapsed by reason of the husband predeceasing his wife, or whether the heirs of the husband take the estate which the husband would have received under the will in the event of the husband having survived testatrix.

It is well settled that a devise or bequest to "A and his heirs" lapses upon the death of A in the lifetime of the testator, the word "heirs" being a word of limitation which is used to denote the quality or duration of the estate to be taken by the devisee or legatee, and not a word of substitution denoting an intention to substitute the next of kin in the place of the deceased devisee or legatee. The rule is the reverse in the case of a devise or bequest to "A or his heirs" for the reason that in such case there is an apparent intention of substitution. If an intention to substitute the next of kin in the place of the deceased devisee or legatee, so as to save a lapse, can be deduced from some other clause or expression in the will, the rule above stated may be overcome. *Zabriskie* v. *Huyler, 62 N. J. Eq. (17 Dick.) 697; affirmed on appeal, 64 N. J. Eq. (19 Dick.) 794.*

In the present case the portion of the will above quoted constitutes the entire will, except a clause appointing the executor, and no intention can be imputed other than that manifest from the language of the clause quoted.

The word "forever" in the devise and bequest in question imports no more than that the person who is to take shall take absolutely, and does not alter the character of the person who is to take. *Doody* v. *Higgins, 9 Hare 32 (Appendix *XXXII).*

*Gen. Stat. p. 3763 § 34,* making provision against the lapse of estates devised or bequeathed, does not extend to a devise or bequest to the husband of testatrix. *Canfield* v. *Canfield, 62 N. J. Eq. (17 Dick.) 578.*

I will advise a decree accordingly.