The complainant seeks a construction of the provisions of the will of the decedent, who died on or about January 8th, 1934. The decedent bequeathed to her deceased husband's mother, Mathilda Koerner, the sum of one hundred dollars ($100). This legatee predeceased the testatrix and left her surviving her the following, who are nephews and nieces of decedent's husband: Harry Schoen, Walli Cotton, Helen Everett and Ella Benitz.
The decedent also bequeathed to her sister, Bertha Schmitz, the sum of one hundred dollars ($100). Bertha predeceased the testatrix and left her surviving her two children.
The second paragraph of the will reads as follows: "All the rest and residue of my estate I give and bequeath to my nephews and nieces to be divided equally between them, share and share alike." The nephews and nieces of the testatrix are: Hugo Hagen, Jennie Martin, Alphonse Schmitz, Edwin Hagen, Alfred Hagen, Emma Wajman, Oscar Hagen and Alma Hagen.
The points for decision are: First. Does the bequest to Mathilda Koerner and Bertha Schmitz lapse? Second. Does the bequest "to my nephews and nieces" include those by affinity as well as by consanguinity?
The first question, whether the bequests to Mathilda Koerner and Bertha Schmitz lapse, is answered by the provisions of the statute of wills (4 Comp. Stat. p. 5866 § 22), which reads as follows:
"That whenever any estate of any kind shall or may be devised or bequeathed by the testament and last will of any testator or testatrix, to any person being a child or other descendant of such testator or testatrix, or being a brother or sister or any descendant of a brother or sister of such testator or testatrix and such devisee or legatee shall, during the life of such testator or testatrix, die testate or intestate, leaving a child or children, or one or more descendants *Page 526 
of a child or children who shall survive such testator or testatrix, in that case such devise or legacy to such person so situated as above mentioned, and dying in the lifetime of the testator or testatrix shall not lapse, but the estate so devised or bequeathed shall rest in such child or children, descendant or descendants of such legatee or devisee, in the same manner as if such legatee or devisee had survived the testator or testatrix and had died intestate; but this provision shall not apply where the testator or testatrix shall, by the will or codicil thereto, or other instrument, have otherwise directed in regard to the children or descendants of the said devisee or legatee dying as aforesaid."
But under the common law, where a legatee dies before the testator, the legacy lapses, unless the will contains words of substitution, or provides for such a contingency. The rule is expressed in Dildine v. Dildine, 32 N.J. Eq. 78, as follows:
"It is familiar law that a legacy lapses by the death of the legatee in the lifetime of the testator, unless there be words of substitution or other provision in the will, or by the statute, against a lapse. Nor does it make any difference whether the testator knew when the will was made that the legatee was dead.Maybank v. Brooks, 1 Bro. C.C. 84; Doe d. Turner v. Kett, 4T.R. 605; Love. Wills 445, 446; Comfort v. Mather, 2 W. S.450."
The same principle is expressed in Smith v. Curtis,29 N.J. Law 345; Cook v. Lanning, 40 N.J. Eq. 369; Ward v. Dodd,41 N.J. Eq. 414; Zabriskie v. Huyler, 62 N.J. Eq. 697; affirmed,64 N.J. Eq. 794; Jarm. Wills (6th) [*]307, 333; Thompson onWills § 306.
In this state the common law rule was changed by the statute of wills (section 22), supra, where the legatee is a brother or sister of the testatrix, or a descendant of a brother or sister. The cited statute does not apply, however, to legacies or devises made to the next of kin, or heirs of the husband of the testatrix. McKiernan v. Beardslee, 72 N.J. Eq. 283; Stenneck
v. Colb, 91 N.J. Eq. 382. Hence, it follows, that the legacy to Mathilda Koerner has lapsed, and it thereby becomes a part of the residuary estate.
The bequest to Bertha Schmitz, sister of the testatrix, coming within the provisions of section 22 of the statute of wills,supra, does not lapse, and it, therefore, goes to the children of the decedent, Bertha. *Page 527 
The second point for decision is, do the nephews and nieces by affinity share with the nephews and nieces by consanguinity in the bequest contained in paragraph 2 of the will of the testatrix? Counsel for the nephews and nieces by affinity contends that the testatrix intended to include all her nephews and nieces, both by affinity and consanguinity, as beneficiaries. His contention is without the sanction of law or equity, or the evidence. Nephews and nieces by consanguinity, and those by affinity, are legally unrelated and decidedly distinct by nature.Schouler on Wills, Executors and Administrators (5th ed.) §536, says:
"Notwithstanding the equivocal sense of nepos in Roman jurisprudence, `nephew' means in English law the son and `niece' the daughter of a brother or sister; and great-nephews or great-nieces are not embraced by the term. And as a gift is naturally to blood relatives, a nephew or niece by marriage, that is the nephew or niece of the testator's husband or wife, isprima facie excluded; as also would be the wives or widows of blood nephews. A similar presumption against great-grand-nephews is afforded where the gift is to `grand-nephews' simply."
Paige on Wills § 908, says:
"`Nephew and niece' does not include the wife of a nephew or the husband of a niece. The term `nephews' does not ordinarily include nephews of the wife of the party designated."
Volume 5, 1st series, of Words and Phrases, page 4776, contains the following:
"`Nephews,' as used by a testatrix in bequeathing a residuary estate to `all my nephews and nieces,' includes only her own nephews and nieces, and not those of her husband. Appeal ofGreen, 42 Pa. (6 Wright) 25.
"A `nephew,' according to all the lexicographers, is the son of one's brother or sister. Sometimes the word includes grand-nephew. As used in a devise to testator's nephew, naming him, it cannot be construed to include a nephew of testator's wife of the same name. In re Root's Estate, 40 Atl. Rep. 818,819; 187 Pa. 118."
In volume 3, 2d series, of Words and Phrases, at page 589, is the following:
"The word `nephew' is defined as `the son of a brother, or sister; or of the brother-in-law or a sister-in-law; the son of a brother or sister. But in a bequest would not include, without special mention, nephews and nieces by marriage;' `in English law the son and *Page 528 
niece, the daughter, of a brother or sister; and great-nephews or great-nieces are not embraced by the terms, and, as a gift is naturally to blood relatives, a nephew or niece by marriage — that is, the nephew or niece of the testator's husband or wife — is prima facie excluded, as also would be the wives or widows of a blood nephew.' Boyd v. Perkins, 113 S.W. Rep. 95, 96;130 Ky. 77 (citing Webster's Dict.; Bouv. Dict.; Schouler, Wills
(2d Ed.) § 536."
In volume 2, 4th series, of Words and Phrases, at page 784, appears the following:
"In absence of controlling language to contrary, bequests to `nephews and nieces' held to mean only nephews and nieces by consanguinity, not affinity. Meglemry v. Meglemry,131 So. Rep. 906, 907; 222 Ala. 229.
"Courts judicially know that nephews and nieces of one's husband or wife, and wives or husbands of affined relatives and their children, are commonly referred to as `nephews and nieces.'Meglemry v. Meglemry, 131 So. Rep. 906, 908; 222 Ala. 229.
In Appeal of Green (Supreme Court of Pa., 1862), 42 Pa.
(6 Wright) 25, Chief-Justice Lowry said:
"In strict propriety and in legal usage, it is only the children of brothers and sisters that one calls nephews, and it is only by a courtesy that the children of a husband's or wife's brothers and sisters are so called; just as it is in relation to a husband's or wife's father or mother. On a strict interpretation, therefore, the bequests of this testatrix to all her nephews and nieces excludes, or rather does not include the nephews and nieces of her late husband. By itself, the clause is without any difficulty."
In the case of Smith v. Lidard, 3 K. J. 252 (Eng.); 69Eng. Reprints 1102, Vice-Chancellor Wood said:
"Can it be safely inferred here, from the mere circumstance of some strangers in blood being described by terms of affection as the testatrix' own nieces that it was her intention to let in all other strangers in blood, who stood in the same relationship to the husband as these persons? I think that I am not at liberty to let in a large class of persons, merely from the circumstance of her having selected some of the class as objects of her favour, and having bestowed on them, although her husband's nieces and not her own, the title of nieces.
"The more difficult question was whether the specially *Page 529 
favoured individuals described as nieces, who were only nieces of the husband, could claim to participate in the residue under that designation. I do not think I can so decide, because it is similar to those cases where there are gifts to illegitimate children by the description of children, and then a bequest to all the children of the reputed parent, and yet the illegitimate children previously named have been excluded. In one case, Owen
v. Bryant, 2 De F., M'n. G. 697, where the word `said' occurred, which referred back to the children before designated, they were admitted; but in another (Meredith v. Farr, 2 Y. C.C. 525), although there was an illegitimate child of a particular female named, yet it was held that a gift to `all her children' would not include illegitimate children, or apply to any but subsequently legitimate children. These decisions do not depend on the doctrine of an illegitimate child being filiusnullius, because I take it, where the illegitimate child is described as the child of the mother, the parentage can be ascertained as that of the mother and not of the father. Here the testatrix has chosen to benefit particular persons, calling them her nieces, who are not any blood relations at all; and then she has made a general bequest to nephews and nieces, not confining it to those named before (for no nephews had been named at all); and I cannot hold that under that general gift nephews and nieces of the husband can be included. I must therefore make a declaration in favour of the proper nephews and nieces of the testatrix."
The words "nephews and nieces" have a well recognized, definite, legal meaning as children of brothers and sisters. Funk Wagnall's New Standard Dictionary defines the term "nephew" as "the son of a sister or a brother; by extension, a grandnephew."
I adopt the language of Chief-Justice Lowry, as employed by him in Appeal of Green, supra, which I have herein quoted, as expressive of my views on the point under consideration.
The complainant is instructed (1) that under the first question for decision that he shall observe the directions hereinabove announced; and (2) he is further instructed that on the second question for decision that the terms "nephews" and "nieces" in the instant case apply to those only related by blood or consanguinity. *Page 530