The complainant, as executor and trustee under the last will and testament of Frederick Lange, Jr., asks for (1) a *Page 2 
construction of said will; (2) a decree as to the rights and interests of the parties mentioned in the bill of complaint; (3) if the bequest in paragraph 3 of the bill has lapsed, and if so, what disposition should then be made of it; (4) what are the rights of Emil Stock in the bequest mentioned in paragraph 7 of the bill and what disposition should be made of it; (5) a determination of the rights of North Hudson Hospital, and such other persons who might, or could, benefit under paragraph 12 of the will, and more particularly mentioned in paragraph 10 of the bill, and what disposition should be made of said bequests; and (6) a declaration of the rights of the persons mentioned in the will, and instructions and directions to the complainant with reference thereto.
The solicitors of the interested parties stipulated the facts in writing. Emil Stock, in open court, stated on the record, that he consented to the stipulation filed herein on June 28th, 1937, which reads as follows:
"1. On July 19th, 1936, Frederick Lange, Jr., died a resident of the city of Hoboken, county of Hudson and State of New Jersey, leaving a last will and testament which was duly admitted to probate by the surrogate of the county of Hudson on August 3d 1936.
"2. The complainant in the above stated cause, a trust company organized and existing under the laws of the State of New Jersey, named in the aforesaid last will and testament as executor and trustee thereunder, duly qualified as such executor and trustee and assumed the burden of administering said testator's estate.
"3. The aforesaid last will and testament was recorded in the office of the surrogate of the county of Hudson in Book 202 of Wills for said county on page 21, c.
"4. A true copy of the aforesaid last will and testament is annexed to and made part of the bill of complaint filed in the above stated cause.
"5. Paragraph nine of the aforesaid last will and testament provides as follows:
"`I give, devise and bequeath unto my sister, Julia Lange Stock, the sum of Two hundred ($200.00) dollars in cash. And I also desire that she should have our parents' pictures.' *Page 3 
"6. Paragraph ten of the aforesaid last will and testament provides as follows:
"`I give, devise and bequeath unto my brother-in-law, Emil Stock, if he survives me and is living with my sister and supporting her, the sum of One hundred ($100.00) dollars in cash, and he is to have all my wearing apparel.'
"7. The aforesaid Emil Stock survived the testator, Frederick Lange, Jr., but was not at the time of the death of Frederick Lange, Jr., living with and supporting his wife, Julia Lange Stock, who was testator's sister. She died in December, 1934. The testator, Frederick Lange, Jr., died July 19th, 1936.
"8. Paragraph twelve of the aforesaid last will and testament provides as follows:
"`All the rest, residue and remainder of my estate of whatsoever the same may consist and wheresoever situate, I give, devise and bequeath unto my Trustee, hereinafter named, in trust nevertheless for the following uses and purposes: — viz. — To divide the said rest, residue and remainder into five equal (5) parts, and to invest and reinvest three of said equal parts, to collect the income therefrom and pay the same to my beloved wife, Georgiana Fallert Lange, for and during the term of her natural life. Upon the death of my wife, the said trust fund herein created shall go and be paid to Christ Hospital of Jersey City, N.J., as a Memorial to my wife and myself.
"`To invest and re-invest one of said equal parts, to collect the income therefrom and pay the same to my sister, Julia Lange Stock, now residing at No. 177 Ten Eyck Street, Brooklyn, N.Y., for and during the term of her natural life. Upon the death of my sister, the said fund herein created shall go and be paid to North Hudson Hospital, Weehawken, N.J., as a Memorial to my brother and sister, Henry Lange and Ottillie Lange, respectively.
"`To invest and re-invest one of said equal parts, to collect the income therefrom and use the said income for the education, maintenance, care and support of my step-granddaughter, Joan Messmore, until she attains the age of twenty-one years, at which time my Trustee is to deliver free of trust to my said step-granddaughter one-half of the trust fund herein created for her benefit. To invest the other half of the trust fund created for my step-granddaughter's benefit, and to pay to her the income on the same until she attains the age of thirty (30) years, at which time she is to receive the balance of the trust fund herein created for her benefit. In the event that my said step-granddaughter should die before attaining the ages hereinbefore mentioned, the said fund herein created, or such part thereof as applies thereto, shall go and be paid to St. Mary's Hospital, of *Page 4 
Hoboken, N.J., as a Memorial to said Joan Messmore. It is my wish and desire that the respective payments to the beneficiaries named in this paragraph shall be made semi-monthly if possible to do so by my Trustee, so that the said parties will not be inconvenienced to be compelled to wait for monthly checks.'
"9. The aforesaid Julia Lange Stock died intestate in December, 1934, a resident of the city of Brooklyn, State of New York. She left no child or children or descendant of a child or children her surviving. No administrator has been appointed for her estate, if there be any such. She left a husband, Emil Stock, her surviving."
It is contended by Georgiana Fallert Lange, widow of the testator, that the legacies intended for Julia Lange Stock mentioned in the ninth and tenth paragraphs of the will, failed to take effect and lapsed, and became a part of the residuary estate by reason of the fact that the legatee predeceased the testator. The contention appears to be sound, and is conceded by all the parties hereto. But her claim that the one-fifth portion of the estate bequeathed to the same person for the period of her life, also lapsed and became a part of the residuary estate, is untenable. I do not agree with that assertion. The will provides that Julia Lange Stock was entitled to the income only while she lived; and, upon her death, the "said fund" then is payable to the North Hudson Hospital, as a memorial. The testator's intention is clearly expressed; he leaves nothing to the imagination. Rogers' Ex'rs v. Rogers, 49 N.J. Eq. 98. His intention is further confirmed by the language he uses in paragraph thirteenth of his will, wherein he says, "I am confident that the provisions made herein for my wife and sister are liberal and consistent for their necessary care and maintenance for the rest of their natural lives and I do not want my hard earned savings to pass into the hands of other persons than the charitable institutions I have named, after the decease of my wife and sister."
In 44 L.R.A. (N.S.) 1913 p. 791, it is stated:
"Unless a contrary intention appears, for reasons subsequently stated more at length, it is a presumption of law that a testator, by incorporating in his Will a general residuary clause, evidences his *Page 5 
intention not to die intestate as to any of his personal property, and it is presumed that he took the particular legacy from the residuary legatee only for the benefit of the particular legatee. Giving effect to these presumptions or inferences as to the intention of the testator, which are, of course, primafacie merely, the cases very generally hold that if a legacy of personal property lapses or proves ineffectual, the subject-matter thereof will inure to the benefit of the general residuary legatee if there is one, and not to the testator's next of kin or heirs-at-law."
In 23 R.C.L. § 103, is the following:
"It is the general rule that, in the absence of a controlling equity or of an express or implied provision in the will to the contrary, where an estate is given to a person for life, with a vested remainder in another, the remainder takes effect in possession whenever the prior gift ceases or fails in whatever manner. The death of the life tenant before that of the testator simply accelerates the time when the devise over becomes operative, as does also the revocation by the testator of the bequest of the life estate. * * * If the estate for life is void from its inception, it is as if it had never been made and the remainderman is at once entitled to the possession of his estate."
To the same purport is the opinion in Ryder v. Myers,113 N.J. Eq. 360; affirmed in 115 N.J. Eq. 169.
The death of the decedent's sister before his demise, had the effect of accelerating the gift to the North Hudson Hospital. The bequest to that institution is, plainly, words of substitution. In this state "distribution to vested remainderman will be accelerated by termination of precedent estate by any event removing it." Anthony v. Camden Safe Deposit and Trust Co.,106 N.J. Eq. 41.
This court has said that "it is familiar law that a legacy lapses by the death of the legatee in the lifetime of the testator, unless there be words of substitution or other provision in the will, or by the statute against a lapse."Schoen v. Siegmund, 119 N.J. Eq. 524. It may be observed that if the courts can so construe a will as to avoid the lapsing of legacies, that they will do so. Cowley v. Knapp,42 N.J. Law 297; Peer v. Jenkins, 102 N.J. Eq. 235; Fisch v. Fisch,105 N.J. Eq. 746; Scotten v. Moore, 28 Del. 545 (Roe v. Doe,93 Atl. Rep. 373); In re Feeney's Estate, 293 Pa. 273;142 Atl. Rep. 284. Julia Lange Stock died without issue; *Page 6 
consequently, section 22 of the statute of wills (4 Comp. Stat.1910 p. 5866), will not apply to the instant case. It is my opinion that the North Hudson Hospital is entitled to the said bequest, and I shall so instruct.
In the stipulated facts, it appears that Emil Stock, the husband of Julia Lange Stock, was not living with, and supporting his wife. She died before the testator. The testator's bequest to Emil Stock was to become effective only if he, Emil, "is living with my sister and supporting her." Since the testator's sister died before him, the condition precedent imposed by him could not be observed by Emil and the bequest accordingly lapses. Emil's wife was never seized, or possessed, of any interest in the testator's estate; Emil, therefore, is without any interest in it. Canfield v. Canfield, 62 N.J. Eq. 578; Palmer v.Munsell, 46 Atl. Rep. 1094 (not officially reported); Dildine
v. Dildine, 32 N.J. Eq. 78; Burnet's Ex'rs v. Burnet, 30 N.J. Eq. 595; Murphy v. McKeon, 53 N.J. Eq. 406; Zabriskie v.Huyler, 62 N.J. Eq. 697; affirmed, 64 N.J. Eq. 794; Schoen v.Siegmund, supra.
The complainant's instructions shall be in accord with the above determinations.