Testatrix died in 1939 leaving the will in suit executed in 1928. She left two children, Meta and Albert, by her husband, Albert Haake, who died in 1926, and a child of a deceased son, Arthur, who predeceased testatrix. At the time of his marriage to testatrix, Albert Haake had a son, Otto. He died in 1936, leaving three children who are the complainants. The question is whether these three children take the devises and bequest which, by the terms of the will, were made to Otto Haake, the step-son of testatrix.
The two clauses in the will involved are as follows:
"I give, devise and bequeath unto OTTO HAAKE, son of my deceased husband, all that certain property in Jersey City, Hudson County, New Jersey, in which he now lives and which he lived in at the time of the death of my husband, unto himself, his heirs and assigns forever."
"All the rest, residue and remainder of my estate, wherever situate, and wherever the same may be, I give, devise and bequeath unto my four children, namely, OTTO HAAKE, META MARTHA HAAKE, ALBERT F. HAAKE and ARTHUR W. HAAKE, unto themselves, their heirs and assigns, equally, share and share alike."
Because of the fact that Otto Haake, the step-son, pre-deceased testatrix, the devises and bequest would lapse unless this was prevented either by operation of law or by the terms of the will. The provisions of the Lapse act, R.S. 3:2-18, applies only "to a child or other descendant of the testatrix or other brother or sister or any descendant of the brother or sister of the testatrix" and provides that the child or other descendant of the deceased, devisee or legatee shall in such case take what the parent would have received if he had survived the testator. Since in the instant suit, Otto Haake was a step-son and not one of those enumerated in the statute, a lapse is not prevented thereby. *Page 74 
There would, therefore, be a lapse of the devises and bequest to Otto Haake unless within the will itself is found a provision that his children should take his share in case of his death prior to that of the testatrix. I cannot find that the will can be construed as contended by complainants so as to provide for this. The argument of complainants is, in substance, as follows: The bulk of testatrix' estate came from her husband, the father of Otto. Testatrix always treated Otto as though he were her own son, and so long as he lived, he received equal treatment with testatrix' own children, in that each one of the four occupied one of the houses which constituted the bulk of the estate. Although in the first of the clauses from the will quoted, she distinctly shows that he was her step-son, in the second clause quoted and in two other places in the will she refers to Otto by name as one of her "children." It may well be that testatrix, if she had considered the matter, might have intended to provide that the children of Otto should take the father's share the same as the child of her own deceased son, Arthur. But the difficulty is that there is no language in the will which shows such an intention. There is nothing in the will which shows that testatrix contemplated the possibility that any of the four named beneficiaries should predecease her. At the time the will was made, she was seventy years old, and it may reasonably be argued that she expected to die before any of the beneficiaries.
In order to effect a substitution of the children of Otto, it is necessary to construe the language of the will to "Otto Haake * * *, his heirs and assigns forever" so as to mean "Otto Haake * * *, or his heirs and assigns forever." In order to carry out the plainly expressed provisions of a will, the courts have sometimes construed the will so as to substitute the word "or" for the word "and." Zabriskie v. Huyler, 62 N.J. Eq. 697. The same case, however, sets forth the well recognized rule that substitution of meaning must be clearly indicated. Otherwise, the ordinary rule is that the words "and his heirs" are merely words of limitation and create no estate in the heirs.
The reference by testatrix to her step-son as one of her children is, in my opinion, not influential. If it be argued *Page 75 
that by such language she intended to provide that he should be considered as a child under the Lapse act, it is enough to say that she could have so expressed herself, or, if she had so intended, she could have, by simple language in the will, provided that the children of any deceased devisee or legatee should stand in the place of the parent. I cannot find any language in the will which leads me to believe that testatrix contemplated the situation which has actually arisen, because of the fact that she lived to the age of eighty-two.
I am constrained to find that the devises and bequest to Otto Haake lapsed upon his death. A decree will be advised accordingly.