The bill in this cause was filed by the executor of Harry F. Wolfe, deceased, praying that this court construe the will of the said decedent and instruct complainant as to the true meaning and intent of the said will with reference to two questions: (1) "Is the income which the estate has received during the first year following the death of the testator, or any part thereof, to be paid to the said Maurice A. Wolfe and Joseph A. Wolfe and the administrator of the estate of Fannie R. McKnight, deceased, because of the provision of the will that the income `during said period' is to be paid to the children or their representatives, or does such income, in accordance with the general rule that a legacy is not payable until the end of one year, become a part ofcorpus?" (2) "Is the gift of the corpus at the expiration of said term `in equal portions to my said three children, Fannie R. McKnight, Maurice A. Wolfe and Joseph A. Wolfe, their executors, administrators and assigns,' a gift to the children only (the words `their executors, administrators and assigns' being used as words of limitation), or do the words within the quotations describe a substitutionary class of takers, in the event that the children of the testator, or any of them, die before the expiration of said ten year period?" *Page 439 
All of the defendants named in the bill have answered, with the exception of Stanley R. McKnight, Sr., Stanley R. McKnight, Jr., Marion McKnight and Sudie I. Wolfe, the latter being the widow of the decedent and the former being the husband and children, respectively, of Fannie R. McKnight, daughter of decedent, who predeceased him, and against these defendants decrees proconfesso have been taken.
Guardians for all infant defendants were duly appointed and appeared through counsel, who filed answers for them.
It will be observed from the questions propounded by the bill that instructions are not sought with reference to the third paragraph of decedent's will, which is as follows:
"Third: I give and bequeath to my said wife, Sudie L. Wolfe, absolutely, the one equal one-third part of my personal estate, in full satisfaction and in lieu of any dower or rights of dower to which she might be entitled in any real estate of which I may die seized."
However, the legacy being a general one in lieu of dower, it would seem that there could be no question but that the interest is to be from one year after the decease of decedent. Church atAcquackanonk v. Executors of Ackerman, 1 N.J. Eq. 40; Howard
v. Francis, 30 N.J. Eq. 444.
The instructions sought for require a careful consideration of the entire will, but particularly of the fourth paragraph thereof, which reads as follows:
"Fourth: All the rest, residue and remainder of my estate, of every kind and description and wheresoever situate, I give and bequeath to the Camden Safe Deposit and Trust Company, its successors and assigns, in trust, nevertheless, and to and for the following uses and purposes, and no other, to wit: to take and hold the corpus of said fund intact for the period of ten years after my decease and during that period to invest, reinvest and keep invested the same in good, safe interest-bearing securities, and whether or not the same be authorized by law for the investment of trust funds, and to collect the income therefrom and after deducting all legal costs and charges, to pay during said period the net income derived therefrom half yearly to my three children, Fannie R. McKnight, Maurice A. Wolfe and Joseph A. Wolfe in equal portions, and in case of the death of any of them before my decease, or if after my decease during said period of ten years, then to pay during said period the share of said income to which said deceased would have been entitled, to the executor or administrator of said deceased, and at the expiration *Page 440 
of said term of ten years, to pay the corpus of said fund in equal portions to my said three children, Fannie R. McKnight, Maurice A. Wolfe and Joseph A. Wolfe, their executors, administrators and assigns."
The parties in interest have submitted the case on a written stipulation which, in general, sets forth (1) that decedent Harry F. Wolfe, died on or about August 25th, 1939, and that his will, dated October 11th, 1926, was duly probated; (2) testator was survived by his widow, Sudie I. Wolfe, and by his sons, Maurice A. Wolfe and Joseph A. Wolfe; that his daughter, Fannie R. McKnight, predeceased him on or about December 12th, 1938; (3) that the above named daughter was survived by her husband, Stanley R. McKnight, Sr., and four children, Stanley R. McKnight, Jr., Marion McKnight, M. Elizabeth McKnight and Harry D. McKnight; that Stanley Junior and Marion are twins, now being 21 years of age, M. Elizabeth is 17 years of age and Harry D. is 12 years of age; (4) that Fannie R. McKnight died intestate and no letters of administration have been granted upon her estate; (5) that Maurice A. Wolfe assigned his interest in and to the estate to the testator unto Sudie I. Wolfe by assignment dated November 27th, 1939, and subsequently, on October 15th, 1940, assigned his right to receive income and profits payable to him under paragraph 4 of the will unto Emil Levitt; (6) that Maurice A. Wolfe has three living children, to wit: Virginia M. Wolfe, Maurice A. Wolfe, Jr., and Harry C. Wolfe, of the respective ages of 20, 17 and 11 years.
The first question to be disposed of is whether or not testator, in the fourth paragraph of his will has, with sufficient clarity, set forth his intention as to the time that income from the trust fund shall start to be paid by the executor, i.e., shall it be paid from the date of the death of testator or at the end of one year thereafter? If it clearly appears from a fair reading of testator's will that he has expressed an intent that the income shall start from the date of his death, his intent, if apparent, is controlling and there is no need to consider the general rules for the construction of wills. As said by Vice-Chancellor Berry in First National Bankof *Page 441 Toms River v. Levy, 123 N.J. Eq. 21 (at p. 27);195 Atl. Rep. 820:
"If the language is not ambiguous, and the intention is signified by apt words and phraseology, there is no room for construction."
In the setting up of the trust in the fourth paragraph aforesaid, testator directs that the executor shall (1) "take and hold the corpus of said trust fund intact for the period of ten years after my decease" and (2) that "during that period" the executor shall invest the corpus and collect the income therefrom and "pay during said period the net income derived therefrom half yearly to my three children," naming them, and (3) in case of the death of any child before testator's decease or "after my decease during said period of ten years" (4) to pay "during said period" the share of said income to which said deceased child would have been entitled to the executor or administrator of said deceased child, and (5) at the expiration of said "term of ten years" to pay over the corpus of the trust fund.
The intention of the testator clearly was that the executor should take over the residue of his estate and hold it for a period of ten years from the date of his decease, and it is just as clear that he intended that the beneficiaries of the trust should, during that period, to wit, ten years from the date of his decease, have the net income derived from the trust fund in half yearly installments. He says that the trust fund shall be held intact "for the period of ten years after my decease," and "during that period" the net income is to be divided among the children, and when he speaks of "during said period" he clearly refers to the time during which the trust fund shall be in existence and during which it shall be in the possession of the trustee, and that period has been stated by him to be "for the period of ten years after my decease." Any other construction of the language used by the testator, it would seem to me, would necessitate the insertion of language not used by the testator, to wit, that the trustee should hold the fund intact for ten years after his decease, but that the trustee should not pay the income arising therefrom until one year after his decease, thus reducing *Page 442 
the yearly income to his children to nine years rather than for the full ten year period of which testator speaks.
If the income from the trust were not paid during the first year, the amount thereof would augment the corpus and the widow, being entitled to one-third of that corpus, would receive more of testator's estate than was included therein at the time of his death. The widow would profit at the expense of the three children, a result clearly not intended by the testator. His will speaks as of the date of his death and at that time one-third of the corpus of his estate became vested in his widow. The three children would, if they had all been living at that time, have been entitled to the income of the remainingcorpus as of the date of his death. It would be inequitable to decrease the amount of that income and augment the corpus for the widow. Not only would the income to the three children be reduced for the ten year period, but the amount of corpus to be paid to them at the expiration of the ten year period would likewise be reduced.
It seems to me that the intention of the testator is clearly expressed in the language used by him and that there is, therefore, no necessity to a resort to the general rules of construction, and that the answer to the first question is that the income which the estate has received during the first year following the death of the testator is to be paid to Maurice A. Wolfe and Joseph A. Wolfe and the administrator of the estate of Fannie R. McKnight, deceased.
As to the second question, there seems to be no doubt but that the gift of the corpus at the expiration of ten years from the date of testator's death vested in the named beneficiaries at the date of death and that the words "their executors, administrators and assigns" are of limitation and not substitution, with the result that on the death of any of the three named children of testator, either before or after his death, the one-third interest of the corpus bequeathed to that child became a part of his estate and the children of any such deceased child had no interest therein. This, however, does not apply to the death of any of the named beneficiaries before or after testator's death as to income within the ten year period, by reason of the fact that the testator has provided *Page 443 
that the income of a deceased child during that period shall be paid to the executors or administrators of the deceased child, with the result that the issue of any child of the deceased beneficiary would have an interest in the income in the event of intestacy of the parent.
Vice-Chancellor Backes, in Newlin v. Girard Trust Co.,116 N.J. Eq. 498; 174 Atl. Rep. 479, held that:
"A bequest upon trust to pay the income to children and thecorpus to their executors or administrators vests the estate in the children."
And said further: "there is no New Jersey guiding authority," and then reviewed the English cases upholding his decision.
In the Newlin Case the gift to each child was of the income after the death of the husband. The corpus from which decedent's child received the income during the child's life was directed to be paid to the executor or administrator of the child or issue so dying. The Vice-Chancellor held (at p. 499), that: "the direction to pay the corpus to their executors and administrators are words of limitation, not of purchase." In this case the Vice-Chancellor decreed a termination of the trust, all of the parties in interest being sui juris and seeking the termination. In the present case the question of the termination of the trust is not raised by the pleadings, but it may be well to note that the gift of the corpus, while vested in testator's children as of his decease, provided that the income during the ten year period, in the event of the death of a child of testator during that period, goes to the executors or administrators of the deceased child for the unexpired period, and in the event of intestacy, the child of the deceased child would take, and to that extent at least, they now have a contingent interest.
The Court of Errors and Appeals, in King v. King, 125 N.J. Eq. 94; 4 Atl. Rep. 2d 405, where testatrix devised the residue of her estate to her husband, "his heirs, executors, administrators and assigns," and the husband predeceased testatrix, there being no children of the marriage, held that the words "his heirs," c., were words of limitation and not of substitution. *Page 444 
The cases are numerous that a devise or bequest to "A and his heirs" lapses upon the death in the lifetime of testator, with the word "heirs" being a word of limitation and not substitution.McKiernan v. Beardslee, 72 N.J. Eq. 283; 73 Atl. Rep. 815;Zabriskie v. Huyler, 62 N.J. Eq. 697; 51 Atl. Rep. 197, andKutschinski v. Bourginynon, 102 N.J. Eq. 89;139 Atl. Rep. 596. However, the decision in this case may well rest on the authority of Newlin v. Girard Trust Co., supra.
The result is that at the expiration of ten years from testator's death the corpus of the trust fund created by the fourth paragraph of testator's will must be paid to his then living children or to the executors or administrators of any deceased child, and that the one-third interest in the corpus
of any of testator's children dying during the ten year period goes to the executor or administrator of that child or those children so dying, to be administered and distributed as a part of the deceased child's or children's estate, and the share of Fannie R. McKnight, who predeceased testator, at the expiration of said ten year period, be paid under R.S. 1937, 3:2-18, to her children.
Certain other questions have been raised in briefs of counsel but do not require consideration under the pleadings.
Decree in accordance herewith.